## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

BRADLEY M. HOUSTON,                    :
                                       :
              Plaintiff,          :
                                       :
v.                                     :     Case No. 5:25-cv-61-TES-AGH
                                       :
Warden KENDRIC JACKSON, *et al.*,      :
                                       :
              Defendants.         :

_____

### ORDER

*Pro se* Plaintiff Bradley Houston, a prisoner at Long State Prison in Ludowici, Georgia, filed a 42 U.S.C. § 1983 action (ECF No. 1) and requests leave to proceed without prepayment of the filing fee (ECF No. 2).  As explained below, Plaintiff's request to proceed *in forma pauperis* ("IFP") (ECF No. 2) is **GRANTED** and he is **ORDERED** to recast his complaint.  Because Plaintiff must recast his complaint, his motion to amend the complaint (ECF No. 4) is **DENIED as moot**.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).  Since Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is **GRANTED**.  However, a prisoner allowed to proceed IFP must still pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If a prisoner has sufficient assets, he must pay the filing fee in a lump sum; if a prisoner does not have sufficient assets, the Court charges an initial partial filing fee based on the assets available.  Despite this requirement, a

prisoner may not be prohibited from bringing a civil action because he has no assets

and no means by which to pay the initial partial filing fee. *Id.* § 1915(b)(4). In the

event a prisoner has no assets, payment of the partial filing fee is waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing

fee. *See* Prisoner Account Certification, ECF No. 2-1. Accordingly, it is **ORDERED**

that his complaint be filed and that he be allowed to proceed without paying an initial

partial filing fee.

I.    Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to

his prisoner account during the preceding month toward the full filing fee. The clerk

of court is **DIRECTED** to send a copy of this Order to the business manager of the

facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the

institution in which Plaintiff is incarcerated, or the sheriff of any county in which he

is held in custody, and any successor custodians, shall each month cause to be

remitted to the clerk of this Court twenty percent (20%) of the preceding month's

income credited to Plaintiff's account at said institution until the $350.00 filing fee

has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the

Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to

forward payments from the prisoner's account to the clerk of court each month until

the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is

**ORDERED** that collection of monthly payments from Plaintiff's trust fund account

continue until the entire $350.00 has been collected, notwithstanding the dismissal

of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## INITIAL REVIEW OF COMPLAINT

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Here, Plaintiff complains that on December 3, 2025 he was approached by Calhoun State Prison Warden Jackson although Jackson knew "that a grievance was placed on him to stay away from" Plaintiff. Compl. 5, ECF No. 1. Plaintiff further complains that on December 8, 2025, he was "transferred because of the established protected conduct" and that his prison transfer is "direct retaliation[.]" *Id.* Lastly, Plaintiff appears to raise various claims about his current incarceration at Long State Prison. *Id.*; *see also* Mot. to Am., ECF No. 4.

Plaintiff's complaint as currently drafted is subject to dismissal. First, he

3

states that at least some of the incidents about which he complains occurred in December 2025.[1]  Compl. 5.  However, Plaintiff signed his complaint on January 14, 2025, and December 2025 has not occurred.  *Id.* at 6.

Second, the Court finds that Plaintiff's claims of retaliation that arise from his incarceration at Calhoun State Prison are unrelated to his conditions of confinement claims arising from Long State Prison.  A plaintiff may not join unrelated claims and defendants in a single action.  *See generally* Fed. R. Civ. P. 20.  A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(1)(A)-(B).  "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims."  *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)).

For there to be a "logical relationship," the claims must "arise from common operative facts[.]"  *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).  Claims related to Plaintiff's incarceration across different prisons are not necessarily related under Rule 20.  *See, e.g., Skillern v. Ga.*

---

[1] In general, it is not clear from Plaintiff's original complaint when the events took place.  They appear to have occurred from 2021 through 2025.

*Dept. of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010). "Rule 20(a) . . .
precludes a plaintiff from joining unrelated claims against various defendants unless
the claims arose out of the same transaction." *Smith v. Owens*, 625 F. App'x 924, 928
(11th Cir. 2015) (affirming dismissal of prisoner's complaint against ten prison
officials because the claims were unrelated, arouse out of different events, and
occurred on different dates). Thus, if Plaintiff wants to raise § 1983 claims about the
conditions of his confinement at Long State Prison, then he must do so in a separate
civil action and those claims must be filed in the Court that has proper jurisdiction
and venue over such claims arising in Long County, Georgia, which is the United
States District Court for the Southern District of Georgia. *See* 28 U.S.C. § 90(c)(5).

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one
opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x
868, 872 (11th Cir. 2010). Therefore, Plaintiff is now required to submit a recast
complaint if he wishes to proceed. The recast complaint must contain a caption that
clearly identifies, by name, each individual that Plaintiff has a claim against and
wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the
individuals associated with the claim that he is pursuing in this case. It is
recommended that, when drafting his statement of claims, Plaintiff list numbered
responses to the following questions (to the extent possible) along with the name of
each defendant to which the claim is attributed:

(1)     What did this Defendant do (or not do) to violate your rights? In other
        words: What was the extent of this Defendant's role in the
        unconstitutional conduct?

(2)      Is the Defendant a supervisory official[2] and if so, was he/she personally involved in the constitutional violation?  If not, how did his/her actions otherwise cause the unconstitutional action?  How do you know?

(3)      When and where did each action occur (to the extent memory allows)?

(4)      What legally permissible relief do you seek from this Defendant?

Plaintiff is notified that **one sole operating complaint** is permissible.  The general rule is that an amended complaint supersedes an original complaint.  *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013); *Barber v. Krepp*, 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it would have been superseded by the subsequent amended pleading).  Thus, Plaintiff's recast complaint will take the place of his original complaint.  The Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

Plaintiff is to honestly and completely answer each question presented in the Court's standard § 1983 complaint form.  Additionally, Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case.  If Plaintiff fails to link a named Defendant to a claim,

---

[2] Plaintiff is advised that he cannot simply name supervisors such as a Prison Commissioner, Wardens, and Regional Directors based solely on their official capacities and supervisory roles as he appears to have done in his original complaint.  Supervisory officials are not liable under § 1983 on the basis of respondeat superior or supervisory liability.  Supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them.  *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citations omitted) ("The court may dismiss an action *sua sponte* under Rule 41(b) for . . . failure to obey a court order."); *Toenniges v. Warden*, 672 F. App'x 889, 890-91 (11th Cir. 2016) (citing Fed. R. Civ. P. 20(a)) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences"); *Skillern*, 379 F. App'x at 860 (holding that the district court did not abuse its discretion in dismissing plaintiff's case for his failure to comply with the Court's Order and his failure to comply with Rule 20 as to improperly joined claims.).

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not use legal terminology or cite any specific statute or case law. Plaintiff is not to include any exhibits or attachments. ***The recast complaint must be no longer than ten (10) pages in its entirety***.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. Plaintiff's motion to amend his complaint (ECF No. 4) is **DENIED** as moot. Plaintiff

shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the Court's standard § 1983 form as instructed.  While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**  There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this Order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED**, this 23rd day of April, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

8