## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| BRADLEY MANDELA HOUSTON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Case No. 5:25-cv-61-TES-AGH |
| | : | |
| Warden KENDRIC JACKSON, | : | |
| Warden SPENCER,[1] | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

*Pro se* Plaintiff Bradley Houston, a prisoner at Macon State Prison in Oglethorpe, Georgia, filed this civil action under 42 U.S.C. § 1983 (ECF No. 1). As previously ordered (ECF No. 6), Plaintiff filed his recast complaint (ECF No. 8). Upon preliminary review, Plaintiff may proceed with his First Amendment retaliation claims against Defendants for further factual development.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

## I.    Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from

---

[1] The Court ordered Plaintiff to recast his complaint and informed him that his recast complaint would take the place of the original complaint.    Order & R. 5-6, Apr. 23, 2025, ECF No. 6.    Thus, Plaintiff's recast complaint (ECF No. 8) is now the operative complaint in this civil action.    *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (noting that generally, an amended complaint supersedes the original complaint); *Barber v. Krepp,* 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (finding that petitioner's original pleading was superseded by the amended pleading filed subsequently). In his recast complaint, Plaintiff removes Jermaine White as a Defendant and adds Warden Spencer. Recast Compl. 1, 4, ECF No. 8.    The Clerk of Court is **DIRECTED** to terminate Jermaine White and add Warden Spencer as a Defendant to this civil action.

a government entity, official, or employee.  28 U.S.C. § 1915A(a).  Courts must also screen complaints filed by a plaintiff proceeding *in forma pauperis*.  28 U.S.C. § 1915(e).  Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed."  *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted).  A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.  *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555 (citations

omitted).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).   If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.   Factual Allegations

As addressed above, Plaintiff was ordered to recast his complaint.[2]   Order,

---

[2] Plaintiff was ordered "to honestly and completely answer each question presented in the Court's standard § 1983 complaint form."   Order & R. 6, Apr. 23, 2025.   However, Plaintiff has not disclosed his complete litigation history when requested to do so.   *See* Recast Compl. 2-3.   Plaintiff lists only two previous federal lawsuits.   *Id.* at 2.   However, Plaintiff is a prolific litigator and has filed at least eight previous § 1983 complaints that he should have, at a minimum, disclosed to the Court.   *See Houston v. Lamb*, No. 1:10-cv-9 (S.D. Ga.) (Order, Mar. 19, 2010, ECF No. 9) (adopting R&R and dismissing complaint for failure to state a claim); *Houston v. Norcross Police Dep't*, No. 1:19-cv-456 (N.D. Ga.) (Order, May 16, 2019, ECF No. 6) (dismissing in part and staying in part); *Houston v. Richardson*, No. 5:22-cv-306 (M.D. Ga.) (Order, Nov. 15, 2022, ECF No. 8) (dismissing for failure to comply and to prosecute); *Houston v. Lawson*, No. 5:23-cv-20 (M.D. Ga.) (Order, Sept. 27, 2023, ECF No. 51) (granting motion to dismiss for failure to exhaust); *Houston v. Massey*, No. 1:23-cv-1935 (N.D.

Apr. 23, 2025, ECF No. 6.    According to Plaintiff's recast complaint, Defendants

Jackson and Spencer told Plaintiff on December 3, 2024, "you know your gone for and

because the legal civil action [Plaintiff has] on Kendric Jackson."    Recast Compl. 5,

ECF No. 8 (spelling and grammatical errors in original).    Plaintiff complains that he

"was transferred on 12/5/24 just like both Warden[s] mentioned."    *Id*.    Plaintiff

avers that he "was transferred because [he] filed a lawsuit on Kendric Jackson" and

that this alleged "retaliation goes against [Plaintiff's] First amendment right."    *Id*.

Plaintiff seeks damages and injunctive relief.    *Id*. at 6.

## III.    Plaintiff's Claim

As a convicted prisoner, Plaintiff has no constitutional right to be housed in a

particular prison or within a certain section within a prison.    *See Meachum v. Fano*,

427 U.S. 215, 224-25 (1976) ("Neither . . . does the Due Process Clause in and of itself

protect a duly convicted prisoner against transfer from one institution to another with

the state prison system."); *Sanchez v. McCray*, 349 F. App'x 479, 481-82 (11th Cir.

2009) ("There is no constitutionally protected liberty interest in being housed in a

certain prison or a certain section within a prison.").    Neither does Plaintiff have a

---

Ga.) (Order, Dec. 7, 2023, ECF No. 6) (adopting R&R and dismissing for failure to state a claim and as frivolous); *Houston v. Hamlin*, No. 5:24-cv-28 (M.D. Ga.) (Order, June 16, 2025, ECF No. 34) (granting summary judgment to Defendant); *Houston v. Mitchell*, No. 5:24-cv-154 (M.D. Ga.) (pending); *Houston v. Cruze*, No. 1:24-cv-176 (M.D. Ga.) (Order, June 27, 2025, ECF No. 7) (dismissing for failure to comply and to prosecute).    Moreover, Plaintiff claims that he is "not sure" whether he had previous federal lawsuits dismissed as frivolous, malicious, or for failure to state a claim.    Recast Compl. 3.    However, Plaintiff has two lawsuits that have been dismissed for failure to state a claim and as frivolous.    *See Houston v. Lamb*, No. 1:10-cv-9 (S.D. Ga.) (Order, Mar. 19, 2010, ECF No. 9) (dismissed for failure to state a claim); *Houston v. Massey*, 1:23-cv-1935 (N.D. Ga.) (Order, Dec. 7, 2023, ECF No. 6) (dismissed as frivolous and for failure to state a claim).    Plaintiff is now aware of his litigation history, and he should now be "sure" that he has had two lawsuits that were dismissed for failure to state a claim and as frivolous.    Plaintiff is **advised** that failure to disclose his litigation history in the future is grounds for dismissal of his complaint.

"liberty interest in a particular classification, prison assignment, or transfer, even if he experiences more burdensome conditions than before." *Fulwood v. Fed. Bureau of Prisons*, 568 F. App'x 753, 756 (11th Cir. 2014) (citing *McKune v. Lile,* 536 U.S. 24, 39 (2002)); *see also McKune,* 536 U.S. at 39 (finding that it "is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").

However, a state actor who transfers a prisoner with retaliatory animus can violate a prisoner's First Amendment rights. *See e.g., Bridges v. Russell*, 757 F.2d 1155, 1156 (11th Cir. 1985) (agreeing with other Circuits that a prisoner can state a First Amendment claim under § 1983 for a retaliatory transfer); *Williams v. Brown*, 347 F. App'x 429, 435 (11th Cir. 2009) (citing *Bridges*, 757 F.2d at 1157; and *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989)) ("prison officials may not transfer an inmate in retaliation for exercising his right to file grievances against prison officials. Such retaliatory transfers violate an inmate's First Amendment rights."). "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). Thus, a prisoner litigant may state a claim for retaliation by alleging that (1) he engaged in constitutionally protected speech, (2) he suffered an adverse action likely to "deter a person of ordinary firmness from engaging in such speech[,]" and (3) there was a causal relationship between the speech and the retaliatory action. *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

As to the first prong, it "is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of

speech when he complains to the prison's administrators about the conditions of his confinement." *Id.* For the second prong, a "plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of his First Amendment rights." *Bennett v. Hendrix*, 423 F.3d 1247, 1254 (11th Cir. 2005) (determining the precise standard for the second prong of a retaliation claim), *abrogated in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). A plaintiff does not have to show that his own exercise of his rights has been chilled, only that a jury could find that the acts would chill a person of ordinary firmness. *Id.* at 1254-55. Finally, the causal connection prong "asks whether the defendants were subjectively motivated" by the plaintiff's protected act. *Smith*, 532 F.3d at 1278.

Here, Plaintiff alleges that Defendants Jackson and Spencer told him he was being transferred to another prison because he filed a "legal civil action" against Defendant Jackson. Recast Compl. 5. Two days later, Plaintiff was transferred. *Id.* Plaintiff's allegations are scant as to whether Defendants were decision-makers as to his prison transfer or whether they were just messengers regarding his transfer.[3] Nonetheless, after liberally construing Plaintiff's claims and reading the allegations in his favor, as the Court must at this stage in the litigation, Plaintiff will be allowed to proceed with his First Amendment claims of retaliation against

---

[3] *See Slater v. Webb*, No. 7:20-CV-182 (HL), 2022 WL 794715, at *6 (M.D. Ga. Feb. 10, 2022) ("Where the defendant is not the decision-maker, there is no causal connection between the filing of [lawsuits] and the subsequent transfer." (alteration in original) (quoting *Goins v. Weilenman*, No. CV408-150, 2009 WL 2224637, at *4 (S.D. Ga. July 24, 2009))), *recommendation adopted by* 2022 WL 794714 (M.D. Ga. Mar. 12, 2022).

Defendants for further factual development.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants, it is accordingly **ORDERED** that service be made on Defendants Jackson and Spencer and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.   The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.   **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 8th day of August, 2025.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE